UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN GUARANTEE AND<br>LIABILITY INS. CO.,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: C 009-0299 JF (PVT)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO PHASE DISCOVERY** |

On October 1, 2009, Defendant American Guarantee and Liability Insurance Company ("AGLI") filed a motion to phase discovery in this action.[1] Plaintiff Intel Corporation ("Intel") opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers presented,

IT IS HEREBY ORDERED that AGLI's motion is DENIED.

Under Rule 26(c), for good cause shown, a court may enter an order staying discovery in

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." District courts have broad discretion to stay discovery pending the resolution of dispositive motions. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). However, discovery is normally appropriate where factual issues are raised by the motion. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that would result from the discovery. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Any party seeking a stay of discovery carries "the heavy burden of making a 'strong showing' why discovery should be denied." *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990), citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Moreover, as the moving party, AGLI must demonstrate a "particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *See Gray v. First Winthrop*, 133 F.R.D. at 40.

Here, the only "showing" AGLI made in its moving papers was argument regarding how discovery "should" proceed and that it is "logical" to phase the discovery. In its reply, it argues that phasing would further judicial economy and that allowing discovery outside of the duty to defend issues would be unduly burdensome because such discovery "could" turn out to be unnecessary following decision on the parties' dispositive motions. This is not a sufficient showing to warrant a stay of discovery on Intel's bad faith and breach of contract claims.

Considerations of efficiency and judicial economy actually weigh against phasing the discovery in this case. As is evident from the parties' arguments in this motion, staying discovery as to the bad faith claim is likely to engender motions over which information sought by Intel relates solely to that claim. Further, in the event District Judge Fogel finds AGLI *did* have a duty to defend the AMD Actions, it is likely that some deponents would be required to sit for second depositions. And where, as here, there is a substantial overlap in the facts relevant to two causes of action, it is more efficient to proceed with discovery (and even trial), on both causes of action at the same time. *See, e.g., Cadet Mfg. Co. v. American Ins. Co.*, 2006 WL 1875886 (W.D.Wash. 2006) ("The courts have recognized substantial overlap between the issues of coverage and bad faith, such that

bifurcation of the issues would be inappropriate."); *see also, Cook v. United Services Automobile Association*, 169 F.R.D. 359, 362 (D. Nev. 1996) (finding that phasing of discovery was unwarranted even though court bifurcated trial of coverage and bad faith claims).

Dated: *11/13/09*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge